| | |
|---|---|
| Shannon G. Splaine, Esq. | Bryan C. Shartle – Pro Hac Vice |
| Nevada Bar No. 8241 | Bradley J. St. Angelo – Pro Hac Vice |
| LINCOLN, GUSTAFSON & CERCOS LLP | Sessions Israel & Shartle |
| 3960 Howard Hughes Parkway, Suite 200 | 3850 N. Causeway Blvd., Suite 200 |
| Las Vegas, NV 89169-5968 | Metairie, LA 70002-7227 |
| Tel: (702) 257-1997 | Tel: (504) 828-3700 |
| Fax: (702) 257-2203 | Fax: (504) 828-3737 |
| E-Mail: ssplaine@lgclawoffice.com | E-mail: bshartle@sessions.legal |
| | E-mail: bstangelo@sessions.legal |

James K. Schultz, Esq.
Nevada Bar No. 10219
SESSIONS ISRAEL & SHARTLE, L.L.P.
1550 Hotel Circle North, Suite 260
San Diego, CA 92108
Tel:   (619) 758-1891
Fax:   (877) 334-0661
E-mail: jschultz@sessions.legal

*Attorneys for Defendant Transworld Systems Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Richard Klein, *et al.*, | ) Case No. 2:22-cv-01392 GMN BNW |
| | ) |
| Plaintiffs, | ) **TRANSWORLD SYSTEMS INC.'S** |
| | ) **MOTION TO DISMISS FIRST** |
| vs. | ) **AMENDED COMPLAINT, AND** |
| | ) **SUPPORTING MEMORANDUM** |
| National Collegiate Student Loan Trust 2005-3, *et al.*, | ) **OF POINTS AND AUTHORITIES** |
| | ) |
| Defendants. | ) |
| | ) |

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint,
and Supporting Memorandum of Points and Authorities

1

1  Defendant, Transworld Systems Inc. ("TSI"), through counsel, hereby moves to
2 dismiss the First Amended Complaint filed by plaintiffs, Richard Klein, Raymond Urias,
3 and Sandra Carter (Dkt. 20). This Motion is made pursuant to Fed. R. Civ. P. 12(b)(6)
4 and LR 7-2 and is based upon the attached Memorandum of Points and Authorities and
5 the papers and pleadings on file in this action.
6  DATED this 8th day of March, 2023.

SESSIONS, ISRAEL & SHARTLE, L.L.P.

*/s/ James K. Schultz*
James K. Schultz
Attorneys for Defendant
Transworld Systems Inc.

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint,
and Supporting Memorandum of Points and Authorities

2

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS**

## I.    INTRODUCTION

The First Amended Complaint (Dkt. 20) filed by plaintiffs Richard Klein ("Klein"), Raymond Urias ("Urias"), and Sandra J. Gunter ("Gunter") accuses Transworld Systems Inc. ("TSI") of violating state and federal consumer protection laws and breaching the bankruptcy discharge order injunctions by collecting allegedly discharged student loan debt and misrepresenting the debt is non-dischargeable in bankruptcy proof of claim filings.  But none of plaintiffs' claims against TSI get out of the starting gate, for various reasons.  Neither Klein nor Urias allege any misconduct by TSI against them, and so all of their conclusory claims against TSI should be dismissed.  While Gunter at least alleges TSI had a hand in filing a bankruptcy proof of claim concerning her student loan debt, her causes of action for violation of state and federal consumer protection laws and declaratory relief on that basis are either preempted by the Bankruptcy Code or foreclosed by 9th Circuit precedent.  And if that weren't enough, Gunter's precluded federal law claims were asserted a year-and-a-half too late and are time-barred.  Finally, Gunter's request for declaratory judgment is improper, and her demand for injunctive relief fails because her underlying substantive claims are not viable and Gunter has not alleged that she may be subject to future harm.

In sum, the Court should dismiss all of plaintiffs' claims and causes of action asserted in the FAC against TSI pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Between 2005 and 2007, Plaintiffs Klein, Urias, and Gunter each co-signed on private student loans for their respective child or another close relative to attend college.

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint, and Supporting Memorandum of Points and Authorities

3

(FAC ¶¶ 86-87, 118, 121, 140).  The loans were later assigned to a respective Trust Defendant.[1] (FAC ¶¶ 93, 119, 125, 135-36, 141 and FAC Exh. D).

Each plaintiff subsequently filed bankruptcy and eventually received a discharge. Urias filed Chapter 13 bankruptcy on March 22, 2010, which was later converted to Chapter 7 (FAC ¶ 121), and received a discharge on March 13, 2012 (FAC ¶ 133).  Klein filed Chapter 7 bankruptcy on December 13, 2019 (FAC ¶ 98) and received a discharge on March 17, 2020 (FAC ¶ 103).  Gunter filed Chapter 13 bankruptcy on June 22, 2020, which was later converted to Chapter 7 (FAC ¶ 140), and received a discharge on December 21, 2022 (FAC ¶ 153).

Urias alleges "AES/NCT"[2] credit reported his student loan debt prior to his 2010 bankruptcy, that a proof of claim was filed by "First Marblehead Corp." during his bankruptcy, that NCSLT 2006-3 later sued him in Nevada state court on the student loan debt which he says had been discharged in his bankruptcy, and that NCSLT 2006-3 garnished his assets after obtaining a default judgment in the statue court action. (FAC ¶¶ 121, 122, 123, 125, 135).  Notably, Urias does *not* contend TSI took part in any alleged credit reporting, the proof of claim, the lawsuit, or the garnishment against him.

Klein alleges "AES/NCT/PHEAA"[3] inaccurately credit-reported his student loan before and after his 2019 bankruptcy which AES/NCT/PHEAA allegedly failed to correct, and that AES on behalf of the respective trust creditor attempted to collect on the student loan debt he says had been discharged in his bankruptcy. (FAC ¶¶ 88, 93, 105–108, 112–

---

[1] The "Trust Defendants" include Defendants National Collegiate Student Loan Trust ("NCSLT") 2005-3, NCSLT 2006-3, NCSLT 2007-1, NCSLT 2007-2, NCSLT 2007-3, and NCSLT 2007-4.
[2] Construing the FAC broadly, this "AES/NCT" identifier means co-defendants Pennsylvania Higher Education Assistance Agency d/b/a American Education Services ("AES"), NCSLT 2006-1, NCSLT 2006-2, NCSLT 2006-3, and NCSLT 2006-4.  Notably, while each of those trust entities were named defendants in the original Complaint, none of them were named defendants in the FAC except for NCSLT 2006-3.
[3] Construing the FAC broadly, this "AES/NCT/PHEAA" identifier means co-defendants AES, NCSLT 2007-1, NCSLT 2007-2, NCSLT 2007-3, and NCSLT 2007-4.

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint,
and Supporting Memorandum of Points and Authorities

4

115). Like Urias, Klein does *not* contend TSI took part in any alleged credit reporting or post-bankruptcy collections against him.

Gunter alleges "AES/NCT"[4] credit reported her student loan debt prior to her 2020 bankruptcy. (FAC ¶ 142). Gunter also alleges that on July 22, 2020, while her bankruptcy was pending and without first requesting relief from the automatic stay provided by 11 U.S.C. ¶ 362 *et seq.*, TSI, on behalf of NCSLT 2005-3, filed a proof of claim which she says misrepresented that her student loan debt was non-dischargeable in bankruptcy.[5] (FAC ¶ 140–41, 147–49, 152).[6] Gunter does *not* allege, however, that she ever contested the proof of claim in the bankruptcy proceeding, nor does the docket reflect an objection to the proof of claim was ever filed. *See* Exhibit A, docket of the U.S. Bankruptcy Court for the District of Nevada, in the matter entitled *in Re Michael Ray Gunter and Sandra Jo Gunter*, Case No. 20-13002-mkn.[7] Gunter also does *not* allege TSI undertook any credit reporting or other collection actions against her following the conclusion of her bankruptcy.

On August 26, 2022, Plaintiffs Klein and Urias filed their original Class Action Complaint in the above-captioned matter against fifteen Delaware Statutory Trusts, including but not limited to the Trust Defendants. (Dkt. 1). On November 9, 2022, the defendants in the original complaint moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b) (1), (b)(2), and (b)(6). (Dkt. 12). Rather than respond to the motion, Klein and Urias amended their complaint on December 23, 2022, and Gunter joined the action as an additional named plaintiff in the amended pleading. (Dkt. 20).

---

[4] *See* fn. 2.
[5] Plaintiff contends TSI is a debt collection agency (FAC ¶ 19), and a "representative" for NCSLT 2005-3 (FAC ¶ 147).
[6] Specifically, the "basis of the claim" was represented in the proof of claim to be "Money loaned non-dischargeable student loan LOAN 001P." (FAC ¶ 147).
[7] On a motion to dismiss, a court may take judicial notice of matters of public record, such as a bankruptcy court docket and specific filings in a bankruptcy case. *Allen v. Protective Life Ins. Co.*, 2021 WL 4502952, *3 (E.D. Cal. Oct. 1, 2021); *see also* 11 U.S.C. § 107(a) ("[A] paper filed in a case under this title and the dockets of a bankruptcy court are public records[.]").

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint,
and Supporting Memorandum of Points and Authorities

5

In shortest summary, the FAC contends plaintiffs' loans were dischargeable and in fact discharged in their bankruptcies, and that defendants violated the Bankruptcy Code and certain Nevada state and federal consumer protection laws by collecting the student loan debts they contend were discharged or else representing in credit reporting of the debts, proofs of claim, and other post-bankruptcy collection activities that the loans were not discharged in their bankruptcies or are non-dischargeable.

The purported causes of action asserted in the FAC are the following:

- First Cause of Action <u>by all plaintiffs</u> for Declaratory Judgment that their student loans were discharged. (FAC, p. 38).

- Second Cause of Action <u>by Klein only</u>, for purported violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, based on contentions that certain Trust Defendants and AES inaccurately credit reported Klein's student loan debt. (FAC, p. 38–41).

- Third Cause of Action <u>by Klein and Urias only</u>, for unjust enrichment based on contentions that those two plaintiffs remitted payment to their Trust Defendant creditors (via garnishment or otherwise) on money judgments entered against them post-discharge. (FAC, p. 41–42).

- Fourth Cause of Action <u>by all plaintiffs</u> for purported violations of bankruptcy discharge order injunctions under 11 U.S.C. § 524(a)(2). (FAC, p. 42–43).

- Fifth Cause of Action <u>by Gunter only against TSI</u> for alleged violations of Sections 1692e(2)(A) and 1692f of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, arising from the filing of a Proof of Claim in Gunter's bankruptcy, <u>and by Klein only against AES</u> for alleged FDCPA violations arising from alleged misrepresentations regarding the non-dischargeable status of Klein's student loan or a threat to take legal action on the loan. (FAC, p. 43–44).

- Sixth Cause of Action (misidentified in the FAC as another "Fifth Cause of Action") <u>by all plaintiffs</u> for purported violations of the Nevada Deceptive Trade Practices

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint, and Supporting Memorandum of Points and Authorities

6

Act ("DTPA"), NRS 41.600, *et seq*., against all Defendants for allegedly making false representations regarding Plaintiffs' legal rights and obligations concerning their student loan debts. (FAC, p. 44–45).

- The FAC demands actual and compensatory damages, statutory damages, punitive damages, costs of litigation and attorney's fees, together with equitable relief "enjoining Defendants from engaging in the wrongful acts and omissions complained of," and "prohibiting Defendants filing Proof of Claims mischaracterizing debts as 'non-dischargeable student loans' and requiring Defendants to file amended Proofs of Claims[.]" (FAC pp. 45–46).

### III. LEGAL STANDARD

The Court must dismiss a complaint if the plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bank of New York Mellon v. Christopher Communities at S. Highlands Golf Club Homeowners Ass'n*, 321 F. Supp. 3d 1212, 1217 (D. Nev. 2018), *reconsideration denied*, 2019 WL 1209082 (D. Nev. Mar. 14, 2019), *quoting Iqbal*, 556 U.S. 662, 678.

"[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint,
and Supporting Memorandum of Points and Authorities

7

F.3d 1202, 1216 (9th Cir. 2011). Further, those factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

## IV. ARGUMENT

### a. Klein And Urias Have Pled No Facts Against TSI to Support a Plausible Claim for Relief Under Any Theory of Liability

A plain reading of the FAC confirms plaintiffs Klein and Urias do *not* allege TSI ever attempted to collect their purportedly discharged student loan debts or that TSI otherwise misrepresented the non-dischargeable nature of those debts. In fact, Klein and Urias do *not* allege TSI had a hand in *any* conduct affecting them. For example, they do not contend that TSI ever credit reported their student loan debts. Nor do they contend that TSI filed any proofs of claim in their bankruptcies. In short, there is simply no factual allegation to support any of Klein and Urias' claims for relief against TSI in this action. Therefore, all claims asserted by Klein and Urias against TSI must be dismissed.

### b. Gunter Cannot Assert A Claim Against TSI For Violation of Her Bankruptcy Discharge Order.

Gunter also fails to state a claim against TSI. Each of her asserted claims are discussed below (First Cause of Action for declaratory judgment; Fourth Cause of action for purported violation of the Bankruptcy Code § 524; Fifth Cause of Action for purported violations of the FDCPA; and Sixth Cause of Action for purported violations claims of the DTPA, but not in that order.

Gunter's Fourth Cause of Action is premised solely on an alleged violation of the bankruptcy discharge order injunction under 11 U.S.C. § 524. (FAC, p. 42).

Per § 524, a discharge granted to a debtor under the Bankruptcy Code "operates as an injunction against he commencement or continuation of an action … to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. 524(a)(2). The discharge prohibits not just litigation, but also informal collection activities. *See In re*

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint,
and Supporting Memorandum of Points and Authorities

8

*Feldmeier*, 335 B.R. 807, 813 (Bankr. D. Or. 2005). A party who violates the discharge injunction under § 524(a)(2) can be held in contempt under § 105(a). *See Taggart v. Lorenzen* (*In re Taggart)*, 139 S.C. 1795 (2019) (clarifying the standard for holding a creditor in civil contempt for violating a discharge order).

However, it is well settled law that "a private cause of action is *not* available under § 524, or through [the contempt procedure of] § 105." *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 504 (9th Cir. 2002). "Contempt is the appropriate remedy and no further remedy is necessary." *Id*. at 507. *See also Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1191 (9th Cir. 2011) (concluding "[there is no private right of action for violation of a § 524 discharge injunction, and because we agree … that an order of contempt under § 105 to enforce an existing injunction must be sought via motion in the bankruptcy action") (internal citations omitted). Gunter's Fourth Cause of action against TSI is thus precluded.[8]

### c. Gunter's FDCPA Claim Is Precluded by *Walls v. Wells Fargo* and Her DTPA Claim Against TSI Is Preempted by Bankruptcy Law

Gunter's Fifth Cause of Action for violation of the FDCPA and Sixth Cause of Action for violation of the DTPA[9] are both based on a contention that a proof of claim TSI filed in Gunter's bankruptcy misrepresented Gunter's loan as non-dischargeable. (*See* FAC ¶ 310, 317).

The Ninth Circuit has "guard[ed] the bankruptcy process from even slight incursions and disruptions brought about by state [law] actions." *MSR Exploration, Ltd.*, 74 F.3d at 914 (precluding malicious prosecution claim). Accordingly, it has long held

---

[8] Gunter does not allege any facts in support of her claim that TSI violated her discharge order. The only TSI conduct she complains about in this action relates to the filing of a proof of claim during her bankruptcy. Even if the Court thus construes Gunter's Fourth Cause of Action as a claim for violation of the automatic stay pursuant to 11 U.S.C. § 362 in effect when the proof of claim was filed, the result does not change. Such claims must be brought before the bankruptcy court. *See MSR Exploration, Ltd. v. Meridian Oil, Inc*. 74 F.3d 910, 916 (9th Cir. 1996).

[9] The DTPA prohibits a variety of fraudulent, harassing, and malicious conduct. *See* Nev. Rev. Stat. § 598.0903, *et seq*. "A person engages in a 'deceptive trade practice' if, in the course of his or her business or occupation, he or she knowingly makes any other false representation in a transaction." Nev. Rev. Stat. § 598.0915(15).

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint, and Supporting Memorandum of Points and Authorities

9

the act of filing a proof of claim in a bankruptcy case may not, alone, subject a claimant to liability for violation of state fair debt collection laws. *See See B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225 (B.A.P. 9th Cir. 2008). In other words, substantive state law claims are preempted, and the Bankruptcy Code and the Rules implementing its terms provide the exclusive remedies for alleged misconduct that occurs in a bankruptcy case. *Id.* Thus, causes of action under Washington Consumer Protection Act ("CPA"), § 19.86 *et seq.*, premised on the filing of proofs of claim on debts which plaintiff claimed were time-barred under state law and that she did not owe, have been held preempted by the Bankruptcy Code. *Id.* As have actions under California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*, based on the filing of a proof of claim for a non-existent and time-barred debt. *See In re McCarther-Morgan*, 2009 WL 7810817, *7 (B.A.P. 9th Cir. Jan. 27, 2009); as have claims for tortious interference and violation of California's unfair competition law based on filing proof of claim without any factual support attached to the claim. *See Impeva Labs, Inc. v. Sys. Plan. Corp.*, 2012 WL 3647716, *9 (N.D. Cal. Aug. 23, 2012).

State law claims are preempted not just when the mere enforceability of the debts described in a proof of claim is disputed, but also when the very content of the claim is alleged to violate state law, or where the claim itself is allegedly false or even fraudulent. *See In re Lenz*, 448 B.R. 832, 842 (Bankr. D. Or. 2011) (preempting state law tort claim for wrongful disclosure of plaintiff's personal information in proof of claim); *Chantel v. Federated Rural Elec. Ins. Exch. Inc.*, 2017 WL 5957910, *3 (D. Ariz. Jan. 30, 2017) (finding that, to the extent plaintiffs' contend claimant filed a false or fraudulent proof of claim and engaged in related misconduct in the debtor's bankruptcy case, their state law claims were preempted and did not give rise to a separate cause of action that could be brought in district court); *see also In re Ganas*, 513 B.R. 394, 412 (Bankr. E.D. Cal. 2014) (concluding plaintiff's claims for negligence, fraud and intentional misrepresentation,

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint, and Supporting Memorandum of Points and Authorities

10

breach of contract, and conversion arising in connection with the filing of a proof of claim were preempted by the Bankruptcy Code).

Moreover, preemption doubly applies for claims arising from the alleged misrepresentation of the legal status of the debt when resolution of the claim, like Gunter's here, necessarily depends on a Bankruptcy Code determination of the debt's status. There isn't "good reason to believe that Congress intended an ordinary civil court applying the [FDCPA] to determine answers to ... bankruptcy-related questions." *Midland Funding, LLC v. Johnson*, 137 S.Ct. 1407, 1414, 197 L.Ed.2d 790 (2017). The court in *Church v. OneWest Bank FSB*, 2011 WL 2444719 (D. Or. Jan. 18, 2011), report and recommendation adopted, 2011 WL 2419896 (D. Or. June 15, 2011), considered this point in the context of FDCPA preclusion, which, it correctly observed, involves essentially the same analysis as state law preemption, just under a different name. *See* 2011 WL 244719, fn 2. In that case, the plaintiff alleged his creditor violated the FDCPA § 1692e(2) by falsely representing the character, amount, or legal status of the debt in post-discharge communications with the plaintiff. The Court correctly held:

> [R]esolution of this claim depends on the legal status of plaintiff's debt, which is determined only by reference to the Bankruptcy Code. To analyze if defendant's actions constituted a false representation of the character, amount, or legal status of the debt requires a determination of whether the debt was properly discharged in plaintiff's Chapter 13 bankruptcy proceeding, and whether the post-bankruptcy collection efforts violated section 524's discharge injunction. Because this determination requires interpretation of the Bankruptcy Code, it is precluded.

*Id.* at * 8. That same reasoning equally applies here. This Court cannot adjudicate whether the proof of claim statement that Gunter's debt was non-dischargeable was a misrepresentation prohibited by the DTPA without actually interpreting the Bankruptcy Code and determining under the Code that the debt was dischargeable. Gunter's Sixth Cause of Action DTPA claim on this basis is therefore preempted.

The same goes for Gunter's Fifth Cause of Action FDCPA claim. District courts in this circuit have consistently upheld *Walls* and dismissed FDCPA claims that would

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint, and Supporting Memorandum of Points and Authorities

11

require the court to determine whether the debt was discharged in bankruptcy. *See, e.g., Goad v. MCT Group*, 2010 WL 1407257, *3 (S.D. Cal. April 6, 2010) ("Plaintiff's FDCPA and RFDCPA claims clearly depend on the legal status of Plaintiff's debt and would require the Court to determine whether the debt was discharged or not. Therefore, Plaintiff's claims are precluded."); *Aguilar v. The Best Service Company*, 2020 WL 2374934, *2 (C.D. Cal. Jan. 9, 2020) ("Indeed, the thrust of Plaintiff's allegations is that Defendant's collection efforts misrepresented Plaintiff's debt and attempted to collect a debt not owed because the debt was discharged.  In order to determine whether Plaintiff was indebted to Defendant, and thus whether his FDCA claims are viable, a court must necessarily determine the scope, applicability, and validity of Plaintiff's section 524 discharge.  These are precisely the types of 'bankruptcy-laden determinations' identified in *Walls* and precluded by the Bankruptcy Code."); *Cave v. Valley Collection Services, LLC*, 2015 WL 12938941, *2 (D. Ariz. June 18, 2015) ("In the present case, Plaintiff's alleged violations of [the FDCPA] §§ 1692d, f, f(1), e, e(2), and e(10) turn on alleged violations of § 524 of the Bankruptcy Code, and thus, cannot be brought in this Court pursuant to *Walls*.  Because these claims involve questions relating to the substance of the bankruptcy, or at the very least its 'status' as bankruptcy debt, Plaintiff must seek relief, to the extent it is available, under the Bankruptcy Code.").

That the proof of claim at issue here was filed prior to entry of the discharge order does not matter.  The *Walls* decision controls the outcome even in the context of violations occurring during a pending bankruptcy.  *See In re Chaussee*, 399 B.R. at 237 ("[T]he purported FDCPA violation targets B–Real's act of filing a proof of claim in the pending bankruptcy case. Application of the FDCPA to this conduct would certainly conflict with the Code.").

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint,
and Supporting Memorandum of Points and Authorities

12

### d. **Gunter's DTPA and FDCPA Claims Against TSI Fail for Other Reasons**

#### i. **Gunter's DTPA Claim is Inadequately Pled and Fails as a Matter of Law**

Notwithstanding that Gunter's shotgun pleading of her Sixth Cause of Action DTPA claim indiscriminately asserted against all Defendants is improper[10] and that the claim is not pled with the necessary degree of particularity under the heightened pleading standard required for such claims,[11] Gunter's DTPA claim also fails as a matter of law because Gunter's student loan is not a "good or service" subject to that Act.

The DTPA prohibits knowingly false representations in business transactions. *Weinstein v. Meritor, Inc.*, 2018 WL 10456276, at *8 (D. Nev. Aug. 9, 2018). Specifically, it prohibits a person in the course of their business from knowingly failing to disclose a material fact in connection with the sale or lease of goods or services. N.R.S. 598.0923(2). The entirety of Chapter 598 of the DTPA thus only applies to transactions involving goods and services. *Alexander v. Aurora Loan Services*, 2010 WL 2773796, *2 (D. Nev. July 8, 2010); *see also Archer v. Bank of America Corp.*, 2011 WL 6752562, *2 (D. Nev. December 23, 2011).

But loans are neither a goods nor services within the meaning of the DTPA. *See, e.g., Dowers v. Nationstar Mortg.*, LLC, 852 F.3d 964, 972 (9th Cir. 2017) (holding "[t]he DTPA governs transactions relating to 'goods and services,' . . .and a real estate loan is neither a good nor a service within the meaning of this statute," and predicting that the Nevada Supreme Court will hold that the DTPA does not regulate real estate loans). Neither are debt collection activities like, as purported here, the filing of a proof of claim. *See Gage v. Cox Commc'ns, Inc.*, 2017 WL 1536219, at *2 (D. Nev. Apr. 27, 2017)

---

[10] *See Duncan v. Peterson*, 2021 WL 7162003 (D. Nev. June 3, 2021).
[11] *See Kervin v. GC Servs., Ltd. P'ship*, 2014 WL 584966, *2 (D. Nev. Feb. 12, 2014).

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint,
and Supporting Memorandum of Points and Authorities

13

("Plaintiff concedes that the calls were in regards to debt collection. Therefore, the [DTPA] does not grant Plaintiff a right to relief.").

### ii. Gunter's FDCPA claim is Time Barred

TSI filed a proof of claim in Gunter's then-Chapter 13 bankruptcy on July 22, 2020. (*See* FAC ¶ 140 and FAC Exh. D).  Gunter, however, did not assert her purported FDCPA claim against TSI until nearly 2 and a half years later, on December 23, 2022.

The FDCPA imposes a one-year statute of limitations to bring a complaint for violations of the Act. 15 U.S.C. § 1692k(d).  *See also Hagendorf v. Nationstar Mortg., LLC*, 2023 WL 376013, *2 (D. Nev. Jan. 23, 2023).  Because Gunter did not join in this action within on year of the proof of claim filing (*i.e.*, by July 22, 2021), Gunter's FDCPA Fifth Cause of Action should be dismissed for this additional reason.  Whether Gunter did not know she had a claim until sometime later does not matter.  *See Rotkiske v. Klemm*, 205 L. Ed. 2d 291, 140 S. Ct. 355, 360 (2019) (declining to infer a general discovery rule in FDCPA actions).

### e. Gunter's Claim For Declaratory Relief Should Be Dismissed

Gunter's First Cause of Action seeks a declaratory judgment that her student loan was discharged in bankruptcy, "because [it was] not [a] student loan[] protected by any subsection of section 523(a)(8)"[12]  (FAC ¶ 267).

But this is not the proper forum for that claim.  A dischargeability analysis involves "a determination as to the nature of that debt, an issue within the exclusive jurisdiction of the bankruptcy court and thus governed by Bankruptcy Rule 4007." *In re Houchin*, 2020 WL 3048194, at *4 (B.A.P. 9th Cir. June 2, 2020) quoting *Banks v. Gill Distribution Ctrs., Inc.*, 263 F.3d 862, 868 (9th Cir. 2001) (citing *Resolution Tr. Corp. v. McKendry (In re McKendry)*, 40 F.3d 331, 337 (10th Cir. 1994)).

---

[12] 11 U.S.C. § 523(a)(8)

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint, and Supporting Memorandum of Points and Authorities

14

Moreover, to the extent Gunter is arguing the student loans *should have been* discharged by the bankruptcy court, that argument amounts to an improper collateral attack on the bankruptcy court's final judgment. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (holding that "[i]f respondents believed the Section 105 Injunction was improper, they should have challenged it in the Bankruptcy Court" and "[i]f dissatisfied with the Bankruptcy Court's ultimate decision, respondents can appeal"—they could not, however, "collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts"); *Motley v. Equity Title Co. (In re Motley)*, 268 B.R. 237, 241 (C.D. Cal. Bankr. 2001) ("Like the automatic stay, the discharge injunction issues from the authority of the bankruptcy court. Bankruptcy court orders are not subject to collateral attack in other courts.").

Gunter has neither appealed the bankruptcy court judgment nor petitioned the bankruptcy court to re-open her case to amend the discharge order. *See Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1199, 1205 n.7 (9th Cir. 2008) (explaining that "[a]fter a [bankruptcy] judgment (including a discharge) is finalized, and the time for appeal has run, the judgment can only be reconsidered in the limited circumstances provided by Rule 60(b)" and that such a petition under Rule 60(b) must be made to "the bankruptcy court to reopen and set aside the judgment"), *aff'd*, 559 U.S. 260 (2010). Gunter's First Cause of Action is an improper attempt to alter the bankruptcy court's final judgment, is brought in the wrong court, and must be dismissed.

### f. **Gunter's Demand for Injunctive Relief Should Be Dismissed.**

Gunter demands injunctive relief "enjoining [TSI] from engaging in the wrongful acts and omissions complained of herein," and "prohibiting [TSI] filing Proof of Claims mischaracterizing debts as 'non-dischargeable student loans' and requiring [TSI] to file amended Proofs of Claims for those Proofs of Claims that have already been filed with this language." (*See* FAC, ¶ 46).

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint, and Supporting Memorandum of Points and Authorities

15

"An injunction is a remedy, not a separate claim or cause of action. A pleading can ... request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate." *Smith v. Craig*, 2019 WL 4781852, at *5 (D. Nev. Sept. 30, 2019). Consequently, because Gunter has not pled any viable substantive claims against TSI for all of the reasons set forth above, any remaining, stand-alone demand for injunctive relief must be dismissed. *See Solano v. Affinia Default Servs., LLC*, 768 F. App'x 725, 726 (9th Cir. 2019) ("Because all of [plaintiff's] claims were properly dismissed, the district court properly denied [plaintiff's] requests for declaratory and injunctive relief because [plaintiff] had no claim upon which to request relief or remedies.").

Moreover, Gunter alleges only that TSI filed a proof of claim in her bankruptcy in 2020; but Gunter has *not* alleged she is subject to ongoing harm by TSI. Her demand for injunctive relief should be dismissed for that additional reason. *See Davidson v. Kimberly-Clark Corp.,* 889 F.3d 956, 967 (9th Cir. 2018) (dismissing claim for prospective injunctive relief for lack of standing where plaintiff failed to allege "actual and imminent" threat of injury, *i.e.*, "certainly impending to constitute injury in fact.").

## V. CONCLUSION

For the foregoing reasons, TSI's Motion to Dismiss should be granted, and the Court should enter judgment dismissing TSI from all claims, causes of action, and demands for relief contained in plaintiffs' First Amended Complaint with prejudice and without opportunity to amend.

DATED this 8th day of March, 2023.

        */s/ James K. Schultz*
        James K. Schultz, Esq.
        Nevada Bar No. 10219
        SESSIONS ISRAEL & SHARTLE, L.L.P.
        1550 Hotel Circle North, Suite 260
        San Diego, CA 92108

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint,
and Supporting Memorandum of Points and Authorities

16

Tel:   (619) 758-1891
Fax:   (877) 334-0661
E-mail jschultz@sessions.legal

*Attorneys for Defendant*
*Transworld Systems Inc.*

**CERTIFICATE OF SERVICE**

I certify that on the 8th day of March, 2023, a copy of the above and forgoing Motion to Dismiss First Amended Complaint, and Supporting Memorandum of Points and Authorities was filed with the Clerk of Court using the Court's Case Management, Electronic Filing System, and that a copy of the same was served on all counsel of record through the Court's Electronic Filing System.

*/s/ James K. Schultz*
James K. Schultz, Esq.
Nevada Bar No. 10219

Transworld Systems Inc.'s Motion to Dismiss First Amended Complaint, and Supporting Memorandum of Points and Authorities

17