Shannon G. Splaine, Esq.
Nevada Bar No. 8241
LINCOLN, GUSTAFSON & CERCOS LLP
3960 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169-5968
Tel: (702) 257-1997
Fax: (702) 257-2203
E-Mail: ssplaine@lgclawoffice.com

Bryan C. Shartle – Pro Hac Vice
Bradley J. St. Angelo – Pro Hac Vice
SESSIONS ISRAEL & SHARTLE, LLC
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002-7227
Tel:   (504) 828-3700
Fax:   (504) 828-3737
E-mail: bshartle@sessions.legal
E-mail: bstangelo@sessions.legal

James K. Schultz, Esq.
Nevada Bar No. 10219
SESSIONS ISRAEL & SHARTLE, L.L.P.
1550 Hotel Circle North, Suite 260
San Diego, CA 92108
Tel:   (619) 758-1891
Fax:   (877) 334-0661
E-mail jschultz@sessions.legal

*Attorneys for Defendant Transworld Systems Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Richard Klein, *et al.*,<br><br>             Plaintiffs,<br><br>       vs.<br><br>National Collegiate Student Loan Trust 2005-3, *et al.*,<br><br>             Defendants. | Case No.  2:22-cv-01392-GMN-BNW<br><br>**TSI'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

/ / /

/ / /

1

# TRANSWORLD SYSTEMS INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Plaintiffs, Richard Klein ("Klein"), Raymond Urias ("Urias"), and Sandra J. Gunter ("Gunter") (together, "Plaintiffs") oppose Defendant Transworld Systems Inc.'s ("TSI") Motion to Dismiss with conclusory shotgun-pled allegations in a vain attempt to avoid the obvious: they have not alleged TSI did anything wrong (or even, with respect to Klein and Urias, anything at all). The only allegation in Plaintiffs' First Amended Complaint ("FAC") as to TSI is the filing of a proof of claim in Gunter's bankruptcy. But the filing of a proof of claim cannot support Gunter's claims as a matter of law, and, even if it could, they are time-barred. The Court should dismiss all Plaintiffs' claims against TSI with prejudice.

**A.  Klein And Urias Do Not Allege Facts To Support Claims Against TSI.**

Plaintiffs argue they have adequately pled facts supporting their claims because they "collectively make allegations [against] Defendants" and that their *one factual allegation* against TSI regarding Gunter makes it "plausible that TSI had a role in handling the loans of Mr. Klein and Mr. Urias." *See* ECF No. 57 at 8. This is textbook shotgun pleading.

"A complaint constitutes an impermissible shotgun pleading if it asserts multiple claims against multiple defendants ***without specifying which of the defendants are responsible for which acts or omissions***, or which of the defendants the claim is brought against. The problem with this kind of pleading is that it fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. Pleadings of this nature violate the requirement that a plaintiff provide a short and plain statement of the claim." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020) (cleaned up and emphasis added) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015); Fed. R. Civ. P. 8(a)(2)); *see also Duncan v. Peterson*, 2021 WL 7162003, *2 (D. Nev. June 3, 2021) ("Instead,

Duncan pursues an impermissible 'shotgun[-]pleading' approach to his complaint, alleging 'that multiple parties did an act, without identifying which party did what specifically,' and failing to 'identify which specific facts are allocated to which claim.'").

Plaintiffs contend this "case arises from [TSI's] legally erroneous attempt to collect debts that were discharged in bankruptcy proceedings[.]" ECF No. 57 at 2. Yet the only paragraph of the FAC Plaintiffs cite in support their argument they have each stated claims against TSI is a conclusory allegation of Defendants' (collective) liability for "unlawfully collecting funds from accounts discharged in bankruptcy, negligently or intentionally systematically reporting derogatory, misleading, and inaccurate information on consumers' credit reports, . . . failing to properly investigate disputes concerning the inaccurate data Defendants are reporting in consumers' credit files, and failing to correct such inaccuracies[.]" ECF No. 20 at ¶ 155.

But Plaintiffs (and certainly not Klein or Urias) do not allege in the FAC that TSI has *ever* attempted to collect a debt from them. Indeed, the original complaint filed by Klein and Urias did not assert any claims against TSI, who was only added as a defendant in the FAC with the addition of Gunter. Nor do Plaintiffs allege TSI ever received money from them or reported any information about their loans to a credit reporting agency or that it failed to investigate any dispute about purportedly inaccurate data Plaintiffs never allege TSI reported. Although Plaintiffs attached their credit reports to the FAC, none of those reports identify TSI as a furnisher of information regarding their loans or even mention TSI. *See id*. at Exhibit A, p. 52 (Klein); Exhibit C, p. 68 (Urias); and Exhibit E, p. 95 (Gunter) (each reflecting "Aes/nct").

In other words, Klein and Urias do not allege (nor do the exhibits to the FAC show) TSI did anything to them at all. The Court should dismiss Klein and Urias's claims against TSI with prejudice.

B.  **Gunter Fails To State A Claim Against TSI.**

Gunter's allegations specific to TSI are sparse and conclusory, and they do not support her claims against TSI. Gunter alleges that in July 2020, TSI filed a proof of claim in her bankruptcy allegedly mischaracterizing her student loan debt as "Money loaned non-dischargeable student loan LOAN 0001P." *Id*. at ¶¶ 147–149, Exh. D. *This is the only factual allegation specific to TSI in the FAC*. Plaintiffs concede as much in their opposition to TSI's Motion to Dismiss. *See* Dkt. No. 57 at 15 ("As to TSI specifically, the FAC alleges it file [sic] a false proof of claim[.])" (citing FAC, ¶ 149).[1]  Gunter's allegation is insufficient to state a claim under any of Plaintiffs' theories of liability, and her claims should be dismissed.

1.  **Gunter does not allege TSI violated the discharge injunction.**

Despite her arguments otherwise, Gunter does not allege in the FAC that TSI violated her bankruptcy discharge injunction, nor can she. Gunter obtained a Ch. 7 discharge on December 21, 2022, *only 2 days* before Plaintiffs filed the FAC. *See* Dkt. No 20 at ¶ 153. The proof of claim about which Gunter complains was filed by TSI 2 and a half years prior, and she alleges no actions whatsoever—much less collection activity—by TSI subsequent to the entry of her discharge order (or even following or apart from the filing of the proof of claim). Her allegations simply do not support her claim.

---

[1] To the extent Gunter relies on ¶ 150, that paragraph merely concludes that "it was illegal and inaccurate for Defendant to report any post-bankruptcy derogatory collection information[.]" *Id*. at ¶ 150. That allegation neither identifies TSI as the unspecified "Defendant" at issue nor alleges any Defendant *actually* credit reported any information regarding her loan during that period. Moreover, her credit report attached to the FAC identifies only "Aes/nct" and *not* TSI. *Id*. at Exhibit E, p. 95. Likewise, ¶ 152 alleges TSI and National Collegiate Student Loan Trust 2005-3 ("NCSLT 2005-3") did not request relief from the automatic stay but *does not allege* any collection activities by TSI while the stay was in effect. That paragraph also references Klein rather than Gunter, which was presumably a typo. Finally, TSI has already addressed the shotgun-pled deficiencies in ¶ 155.

4

Moreover, Plaintiffs acknowledge "there is no private cause of action under Section 524." Dkt. 57 at 9. This alone warrants dismissal of Plaintiffs' Fourth Cause of Action, and Gunter's belated request that her claim be referred to the Bankruptcy Court rather than dismissed is futile because she does not allege any actions by TSI that would violate her discharge order (even if that order discharged her student loan, which it did not).[2] Further, there is no basis to "refer" Plaintiffs' claims to the Bankruptcy Court rather than dismiss them. A plaintiff seeking relief for violation of a § 524 discharge injunction *must* do so "via motion in the bankruptcy action." *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1191 (9th Cir. 2011). Because Plaintiffs do not seek relief through such a motion, this Court should dismiss their claims.

### 2. Gunter's FDCPA claim is time-barred.

Gunter's claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, is time-barred. An FDCPA action must be brought "within one year from *the date on which the violation occurs*." 15 U.S.C. § 1692k(d). The alleged violation by TSI is the filing of a proof of claim in Gunter's bankruptcy in July 2020. Dkt. No. 20, ¶¶ 141, 310. The FAC was filed on December 23, 2022, over a year after the statute of limitations expired.[3]

Gunter attempts to avoid the plain language of the FDCPA by arguing "the FDCPA violations alleged by Ms. Gunter extend well beyond the filing of the proof of claim and were indeed continuous." In support of this argument, Gunter again cites to (and overstates) ¶¶ 152 and 155 of the FAC. Dkt. No. 57 at 15. However, as discussed above, Gunter does not allege any collection activity by TSI in ¶ 152

---

[2] Likewise, and as discussed above, neither Klein nor Urias allege any actions by TSI subsequent to the entry of their discharge orders, and the Court should similarly dismiss their claims.

[3] Even if Ms. Gunter's claims in the FAC related back to the filing of the original complaint on August 26, 2022 (which she does not argue), her FDCPA claim is still time barred. *See* Dkt. No. 1.

5

but only that TSI and NCSLT 2005-3 did not request relief from the automatic stay; likewise, her conclusory allegation in ¶ 155 is not specific to any Plaintiff or any Defendant and is prototypical impermissible shotgun pleading. Gunter cannot escape that the only action she alleges by TSI is the filing of a proof of claim in her bankruptcy more than 2 years before the entry of her discharge order or the filing of the FAC.

Her reliance upon *Bender* in support of a "continuous violation" theory is also unavailing. *Id*. at 15 (citing *Bender v. Elmore & Throop, P.C.*, 963 F.3d 403, 407–08 (4th Cir. 2020)). The Fourth Circuit in *Bender* recognized the language of the FDCPA "unambiguously sets the date of *the violation* as the event that starts the one-year limitations period." *Bender*, 963 F.3d at 407 (quoting *Rotkiske v. Klemm*, 140 S. Ct. 355, 360, 205 L. Ed. 2d 291 (2019)) (emphasis in *Bender*). The *Bender* court rejected the argument that "later violations of the same kind do not reset the limitations period" under the FDCPA, *i.e.*, that a defendant could relate later similar violations back to the date of the first violation—*not* that a defendant is who does not "correct" an earlier violation continues to violate the FDCPA every day in perpetuity. *See id*. Finally, *Bender* merely reiterated that "a 'separate violation' of the FDCPA occurs 'every time' an improper communication, threat, or misrepresentation is made" and "Section 1692k(d) establishes a separate one-year limitations period for each violation of the FDCPA." *Id*. (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 141 (4th Cir. 1996)).

Gunter's argument that TSI's "ongoing failure to correct [the proof of claim]" prevents the statute of limitations from running is wrong. The only "improper communication, threat, or misrepresentation" Gunter alleges is the filing of the proof of claim in 2020. To the extent the filing of the proof of claim violated the FDCPA (it did not), TSI does not re-violate the FDCPA every day it does not move to reopen Gunter's bankruptcy and amend its proof of claim—a proof of claim to which Gunter did not even object. *See Finley v. Dynamic Recovery Sols. LLC*, 2015

WL 5728307, *3 (N.D. Cal. Sept. 30, 2015) ("[T]he Ninth Circuit has disapproved of applying the doctrine of continuing wrong to situations where the continuing wrong is only the 'ill effects from an original violation.'") (quoting *Ward v. Caulk*, 650 F.2d 1144, 1146-47 (9th Cir. 1981)).

Gunter has not alleged any FDCPA violation by TSI—or any activity by TSI—within the year prior to her filing the FAC. Accordingly, her claim must be dismissed.

### 3. Filing a proof of claim does not violate the NDTPA.

In their opposition, Plaintiffs attempt to avoid the numerous cases holding debt collection is not subject to the NDTPA by arguing "Nevada courts have not conclusively held whether conduct by lenders to consumers is covered by the NDTPA" and "the transactions into which Defendants entered were the original loan and its subsequent wrongful attempts to collect on that loan." Dkt. No. 57 at 13–14. But Plaintiffs, again lumping all Defendants together, do not allege TSI was the "lender" or even a party to the "original loan" transaction. Likewise, Plaintiffs' arguments that "[TSI]'s actions extend beyond attempting to collect a debt, such by taking legal action [and] … obtaining payments from Plaintiffs for debt not due" are unavailing because Plaintiffs do not allege anywhere in the FAC that TSI took "legal action" against them or obtained any payments from them. *See* Dkt. No. 57 at 14.[4]

Gunter alleges TSI filed a false proof of claim in her bankruptcy, which she contends was an attempt to collect a debt. *See* Dkt. No. 20 at ¶¶ 303–310. Because "debt collection does not fall within the ambit of the NDTPA[,]" Gunter's NDTPA claim must be dismissed. *Marshall v. CBE Grp., Inc.*, 2018 WL 1567852, *10 (D. Nev. Mar. 30, 2018) (citing *Gage v. Cox Commc'ns, Inc.*, 2017 WL 1536219, *2

---

[4] Indeed, Plaintiffs' opposition references alleged actions taken by "Key" (*i.e.*, "[nonparty] Key[Bank National Association]") rather than TSI. *Id.*

7

(D. Nev. Apr. 27, 2017); *Peatrowsky v. Persolve*, 2014 WL 1215061, *5 (D. Nev. Mar. 24, 2014)).

Further, even if debt collection was subject to the NDTPA, Gunter's claim is squarely precluded by bankruptcy law. Just like the debtor in *In re Chaussee*, Gunter seeks redress under a state consumer protection statute for TSI's filing a proof of claim in her bankruptcy. *See In re Chaussee*, 399 B.R. 225, 229–234 (B.A.P. 9th Cir. 2008). And just like Chassee's, Gunter's state law claim is precluded. *See id*. at 233 ("As in *MSR Exploration*, *Miles*, and *Bassett*, we conclude that the Code, and the Rules implementing its terms, provide the exclusive remedies should the bankruptcy court eventually find B-Real's conduct in Debtor's bankruptcy case to have been wrongful.") (citing *MSR Exploration, Ltd. v. Meridian Oil, Inc*., 74 F.3d 910 (9th Cir.1996); *Miles v. Okun* (*In re Miles*), 430 F.3d 1083 (9th Cir.2005); *Bassett v. Am. Gen. Fin., Inc*. (*In re Bassett*), 255 B.R. 747 (9th Cir. BAP 2000), *rev'd on other grounds*, 285 F.3d 882 (9th Cir.2002)). Gunter cannot escape "that the Bankruptcy Code and Federal Rules of Bankruptcy Procedure provide the sole remedy for wrongful conduct in bankruptcy proceedings." *Bassett*, 255 B.R. at 759.

Gunter attempts to avoid dismissal by again significantly overstating her allegations in the FAC. *See* Dkt. No. 57 at 11–12. The allegations she cites are conclusory and not specific to TSI. Because the only action by TSI she alleges is 1) not subject to the NDTPA and 2) preempted by bankruptcy law, her NDTPA claim must be dismissed.

**4. Filing a proof of claim does not violate the FDCPA.**

Like her NDTPA claim, Gunter's FDCPA claim is precluded by binding Ninth Circuit precedent. Plaintiffs do not appear to dispute that FDCPA claims premised on violation of a discharge order are precluded by *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 504 (9th Cir. 2002). *See* Dkt. No. 57 at 10–11 ("Plaintiffs concede that *Walls* precludes an FDCA claim based on Section 524. … TSI cites

many cases for the proposition that a FDCPA claim based on a discharge violation is barred by the Bankruptcy Code[.]"). *Walls* and its progeny similarly apply to Gunter's FDCPA claim premised on the proof of claim filed by TSI. *See In re Chaussee*, 399 B.R. at 237 ("[T]he purported FDCPA violation targets B-Real's act of filing a proof of claim in the pending bankruptcy case. Application of the FDCPA to this conduct would certainly conflict with the Code.").

Plaintiffs cite no authority to support their contention Gunter's FDCPA claim avoids preclusion, and it should therefore be dismissed.

### 5. Gunter is not entitled to Declaratory or Injunctive Relief.

Gunter does not substantively respond to TSI's argument that her claim for declaratory relief should be dismissed; rather, she requests "referral" of her claim rather than dismissal. Her bare citation to Local Rule of Bankruptcy Practice 1001 (which merely provides the "Title and Scope" of the District of Nevada's Local Bankruptcy Rules) does not support this request, and she cites no other authority. Nor does she explain why she did not seek this relief by adversary proceeding in her bankruptcy, which was still pending when she filed the FAC.

Gunter cites *In re Teran*, 649 B.R. 794, 802 (Bankr. N.D. Cal. 2023), for the proposition that "under Section 524, she may pursue contempt proceedings to enforce [her discharge] order." Dkt. No. 16 at 17. But that case is inapposite. *Teran* was filed as an adversary proceeding within the debtor's Chapter 7 Bankruptcy. And *Teran* did not hold injunctive relief was available outside of the Bankruptcy Court, as Gunter seeks here. Moreover, *Teran* is not binding on this Court and has been appealed (which appeal is presently stayed).[5] More critically, however, Gunter does not explain how her reliance on *Teran* can be reconciled with the Ninth Circuit's clear reasoning "that Congress did not intend for enforcement of a discharge order to be left to any other judge than the bankruptcy judge who issued

---

[5] See *Terran v. Navient Solutions, LLC et al.*, Case No. 3:23-cv-00836-TLT (N.D. Cal.).

9

the order[.]" *Barrientos*, 633 F.3d at 1189 (9th Cir. 2011) (citing *Walls*, 276 F.3d 502).

Additionally, Gunter's claim for injunctive relief here is nonsensical and superfluous, and her sole remedy is a contempt motion within her bankruptcy. *See id*. at 1190 ("Plaintiff in reality seeks a contempt order for the violation of an injunction that already exists[.]  He cannot seek a second-order injunction, as it were.  An injunction against violating an existing injunction would be superfluous, adding no judicial action and providing no additional relief.  The remedy for violating an injunction is not a repetitive injunction, but an order of contempt. … [C]ontempt proceedings for a violation of § 524 must be initiated by motion in the bankruptcy case under Rule 9014.") (citations omitted).

If Gunter wanted to seek a discharge of her student loan, she should have filed an adversary proceeding to do so within her bankruptcy.  And to the extent she contends her loan was discharged in her bankruptcy and that TSI has somehow violated that injunction (which she has not alleged), her remedy is by motion within her bankruptcy.  The declaratory and injunctive relief she demands is not available in this Court, and her claims for them should be dismissed.

## **CONCLUSION**

For the foregoing reasons, as well as those in TSI's Motion to Dismiss, TSI respectfully requests the Court dismiss TSI from all claims, causes of action, and demands for relief contained in Plaintiffs' First Amended Complaint with prejudice and without opportunity to amend.

DATED: May 10, 2023           SESSIONS, ISRAEL & SHARTLE, LLP

*/s/ James K. Schultz*
James K. Schultz
Nevada Bar No. 10219
1550 Hotel Circle North, Suite 260
San Diego, CA 92108
Tel:   (619) 758-1891

Fax:   (877) 334-0661
E-mail: jschultz@sessions.legal

SESSIONS, ISRAEL & SHARTLE, LLC

Bryan C. Shartle – *Pro Hac Vice*
Bradley J. St. Angelo – *Pro Hac Vice*
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002-7227
Tel:   (504) 828-3700
Fax:   (504) 828-3737
E-mail: bshartle@sessions.legal
E-mail: bstangelo@sessions.legal

LINCOLN, GUSTAFSON & CERCOS LLP

Shannon G. Splaine, Esq.
Nevada Bar No. 8241
3960 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169-5968
Tel: (702) 257-1997
Fax: (702) 257-2203
E-Mail: ssplaine@lgclawoffice.com

*Attorneys for Defendant,*
*Transworld Systems Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 10th day of May, 2023, a copy of the above and forgoing Reply Memorandum in Support of Motion To Dismiss was filed with the Clerk of Court using the Court's Case Management, Electronic Filing System, and that a copy of the same was served on all counsel of record through the Court's Electronic Filing System.

*/s/ James K. Schultz*
James K. Schultz, Esq.
Nevada Bar No. 10219

11