George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 100
Las Vegas, NV 89123
Tele. 702.880.5554
E-fax: 702.967.6666
Email: info@freedomlegalteam.com
*Attorneys for Plaintiffs Richard Klein, Raymond Urias, Sandra Gunter and all others similarly situated*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Richard Klein, Raymond Urias and Sandra J. Gunter, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> -vs.- <br><br> National Collegiate Student Loan Trust 2005-3; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2007-1; National Collegiate Student Loan Trust 2007-2; National Collegiate Student Loan Trust 2007-3; National Collegiate Student Loan Trust 2007-4; Pennsylvania Higher Education Assistance Agency d/b/a American Education Services; and Transworld Systems, Inc. <br><br> Defendants. | CASE NO: 2:22-cv-01392-GMN-BNW <br><br> **CLASS ACTION** <br><br> **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Richard Klein, Raymond Urias and Sandra J. Gunter, individually and on behalf of all others similarly situated, hereby provide this notice of supplemental authority for this Court's consideration regarding the Motion to Dismiss Amended Complaint filed by Defendant National Collegiate Student Loan Trust (ECF No. 39), the Motion to Dismiss Amended Complaint filed by Defendant Transworld Systems, Inc. (ECF No. 40), and the Motion to Dismiss Amended Complaint filed by Defendant Pennsylvania Higher Education Assistance Agency (ECF No. 42) (collectively referred to as "Defendants' Motions to Dismiss"). Plaintiffs provide this notice of the recent decision in *Amanda Davis, individually and on behalf of all others similarly situated, v. KeyBank, N.A. et al.*, No. 2:22-cv-01645-JAD-EJY (NV), ECF No. 58 (May 33, 2023) (referred herein as "Davis Decision") attached as Exhibit A.

In the Davis Decision, the court denied Defendants' motions to dismiss and "refer[red] to the District of Nevada Bankruptcy Court the following: all core bankruptcy issues in this case and non-core issues that the parties consent to be adjudicated by the bankruptcy court—subject to the limitations on that court's jurisdiction.[1] And to avoid inconsistent judgments, including on whether Davis's

---

[1] *See In re Sasson*, 424 F.3d 864, 869 (9th Cir. 2005) ("[W]e have held that a bankruptcy court's 'related to' jurisdiction includes post-confirmation jurisdiction over state[-]court actions such as breach of contract, breach of covenant of good faith and fair dealing, and fraud when those claims have a 'close nexus' to the bankruptcy proceeding."); *In re Ray*, 624 F.3d at 1136 (holding that "the bankruptcy court lacked jurisdiction over the state[-]law breach[-]of[-]contract claims" where the claim lacked a "close nexus to the bankruptcy plan or proceeding").

loans were discharged or whether the defendants violated another court's discharge order, I stay the remainder of this case pending the bankruptcy court's final determinations."

Defendants make similar arguments in this case regarding precluding Plaintiffs' 11 U.S.C. §524 claims. Given the similarities between the cases, Plaintiffs believe that Davis Decision supports Plaintiffs' arguments against Defendants motions to dismiss

DATED this 8th day of June 2023.

Respectfully submitted,

**FREEDOM LAW FIRM**

/s/ George Haines
George Haines, Esq.
Gerardo Avalos, Esq.
8985 South Eastern Ave., Suite 350
Las Vegas, NV 89123

Scott C. Harris (to be admitted)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5003
Facsimile: (919) 600-5035
sharris@milberg.com

Gary M. Klinger (to be admitted)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100

|   |   |
|---|---|
| 1 | Chicago, IL 60606 |
| 2 | Phone: 866.252.0878<br>gklinger@milberg.com |

*Attorneys for Plaintiffs Richard Klein,*
*Raymond Urias, Sandra J. Gunter*
*and all others similarly situated*

# EXHIBIT "A"

<table>
<tr><td>

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

</td></tr>
</table>

| | |
|---|---|
| Amanda Davis, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>KeyBank, N.A., et al.,<br><br>Defendants | Case No.: 2:22-cv-01645-JAD-EJY<br><br>**Order Referring Claims to Bankruptcy Court and Staying Remainder of Case**<br><br>[ECF Nos. 32, 40] |

Plaintiff Amanda Davis sues KeyBank N.A. and American Education Services, LLC (AES) for collecting on debts that she claims were discharged in bankruptcy and for reporting those debts as current to credit-reporting agencies.[1] She brings claims for unjust enrichment and violations of the bankruptcy code, the Fair Credit Reporting Act, and Nevada's Deceptive Trade Practices Act.[2] She asserts those claims on behalf of a putative class, alleging that "[a]s a matter of policy and practice, [d]efendants regularly and consistently fail to engage in any efforts to ensure the debts upon which they attempt to collect are not subject to a bankruptcy discharge."[3]

The defendants move to dismiss the complaint, arguing (among other things) that "because federal bankruptcy courts are charged with making dischargeability determinations, it would be procedurally improper for this court to determine whether the loans were dischargeable and within the scope of the bankruptcy court's discharge order."[4] Davis agrees that certain

---

[1] ECF No. 16 at ¶¶ 33, 35, 160 (amended complaint).

[2] *Id.* at ¶¶ 138–172.

[3] *Id.* at ¶ 7.

[4] ECF No. 40 at 17–18 (cleaned up); ECF No. 46 at 1 (AES's joinder in KeyBank's motion). They also move to strike the class allegations. ECF No. 32; ECF No. 36. Because I stay this

issues in this case, "including the scope of the discharge order," should be resolved in the bankruptcy court but "requests [that] this court . . . refer this case to the bankruptcy court" rather than dismiss it.[5]

The Ninth Circuit has explained that district courts may "refer proceedings arising in, arising under, or related to the bankruptcy code, to bankruptcy courts."[6] Bankruptcy courts "have jurisdiction to hear a broad array of issues," including "(1) cases under title 11; (2) core bankruptcy proceedings that either arise under the [b]ankruptcy [c]ode or arise in a case under the [c]ode; or (3) cases in which all interested parties consent to the bankruptcy court having jurisdiction to enter a final order in a matter that is related to a case under the bankruptcy code."[7] Under the local bankruptcy rules, this district refers all cases that fall within the first two categories to the bankruptcy court.[8]

In her third cause of action, Davis requests a declaration that the defendants violated the bankruptcy court's discharge order and the bankruptcy code, so this claim presents a core issue.[9] Because core-bankruptcy claims like Davis's are referred to the bankruptcy court under the local rules, and because the parties agree that at least some of the issues in this case are better suited for determination by the bankruptcy court, **I refer to the District of Nevada Bankruptcy Court**

---

case pending a determination from the bankruptcy court, I deny that motion without prejudice to its reassertion should this case be reopened after further bankruptcy proceedings.

[5] ECF No. 49 at 11 (cleaned up).

[6] *In re Ray*, 624 F.3d 1124, 1130 (9th Cir. 2010) (cleaned up).

[7] *Id.* (cleaned up).

[8] Local Bankruptcy Rule 1001(b)(1) ("All cases under title 11 and all proceedings arising under, arising in or related to a case under title 11 are referred to the bankruptcy court for this district.")

[9] *In re Gruntz*, 202 F.3d 1074, 1081 n.5 (9th Cir. 2000) (listing "determinations as to the dischargeability of particular debts" as a "core bankruptcy proceeding"). I make no decision as to the viability of any of Davis's claims or the proper mechanism to enforce the rights she asserts. ECF No. 40 at 25.

**the following: all core bankruptcy issues in this case and non-core issues that the parties consent to be adjudicated by the bankruptcy court—subject to the limitations on that court's jurisdiction.**[10]  And to avoid inconsistent judgments, including on whether Davis's loans were discharged or whether the defendants violated another court's discharge order, I stay the remainder of this case pending the bankruptcy court's final determinations.

### Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 40] is DENIED without prejudice** to their ability to reassert the grounds for dismissal in bankruptcy court or if this case is reactivated.

IT IS FURTHER ORDERED that the defendants' motion to strike the class allegations **[ECF No. 32] is DENIED** without prejudice.

IT IS FURTHER ORDERED that **this case is referred to the bankruptcy court** for the District of Nevada to determine all core bankruptcy issues in this case and non-core issues that the parties consent to be adjudicated by the bankruptcy court—subject to the limitations on that court's jurisdiction—related to or arising from plaintiff Amanda Davis's prior bankruptcy case, **18-16836-btb**, and this case is **STAYED** and the Clerk of Court is to **ADMINISTRATIVELY CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
May 22, 2023

---

[10] *See In re Sasson*, 424 F.3d 864, 869 (9th Cir. 2005) ("[W]e have held that a bankruptcy court's 'related to' jurisdiction includes post-confirmation jurisdiction over state[-]court actions such as breach of contract, breach of covenant of good faith and fair dealing, and fraud when those claims have a 'close nexus' to the bankruptcy proceeding."); *In re Ray*, 624 F.3d at 1136 (holding that "the bankruptcy court lacked jurisdiction over the state[-]law breach[-]of[-]contract claims" where the claim lacked a "close nexus to the bankruptcy plan or proceeding").