LOCKE LORD LLP
Gregory T. Casamento (*pro hac vice*)
R. James DeRose, III (*pro hac vice*)
Brookfield Place
200 Vesey St., 20th Floor
New York, NY 10281
(212) 415-8600
gcasamento@lockelord.com
rderose@lockelord.com

J. Matthew Goodin (*pro hac vice*)
Julia C. Webb (*pro hac vice*)
111 S. Wacker Dr., Suite 4100
Chicago, IL 60606
(312) 443-0472
jmgoodin@lockelord.com

WRIGHT, FINLAY & ZAK, LLP
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964
dbrenner@wrightlegal.net
rhernandez@wrightlegal.net

*Attorneys for the Trust Defendants (defined below)*

*[Add'l Parties and Counsel Listed Below]*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Richard Klein, Raymond Urias, and Sandra J. Gunter, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs. | Case No.: 2:22-cv-01392-GMN-BNW<br><br>**DEFENDANTS' JOINT MOTION TO STRIKE, OR IN THE ALTERNATIVE, RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

133451641v.10

|   |   |
|---|---|
| 1 | National Collegiate Student Loan Trust 2005-3; |
| 2 | National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2007-1; |
| 3 | National Collegiate Student Loan Trust 2007-2; National Collegiate Student Loan Trust 2007-3; |
| 4 | National Collegiate Student Loan Trust 2007-4; Pennsylvania Higher Education Assistance |
| 5 | Agency d/b/a American Education Services; and Transworld Systems, Inc., |
| 6 |   |
| 7 | Defendants. |

Defendants submit this response to Plaintiffs' Notice of Supplemental Authority (the "Notice") (ECF No. 72), notifying the Court of Judge Dorsey's decision in *Davis v. KeyBank, N.A., et al.*, No. 2:22-cv-01645-JAD-EJY, ECF No. 58 (D. Nev. May 3, 2023).

As an initial matter, Plaintiffs' Notice is prohibited under Local Rule 7-2(g) and should be stricken. LR 7-2(g) ("A party may not file supplemental … authorities … without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court."). *See also, e.g.*, *Snow Covered Capital, LLC v. Fonfa*, No. 2:22-cv-01181-CDS-BNW, 2023 WL 3884631, at *2—3 (D. Nev. June 8, 2023) (striking supplement filed in violation of LR 7-2(g) without leave of court); *Liberty Ins. Corp. v. Brodeur*, 462 F. Supp. 3d 1092, 1096 (D. Nev. 2020) (striking "supplement [that] was filed without authorization in violation of Local Rule 7-2(g) …."). Plaintiffs' Notice is particularly inappropriate given that it cites only the non-binding, non-controlling order of another judge in this District. If the Court does not strike Plaintiffs' Notice, the Court should not follow *Davis*. In *Davis*, without assessing the merits of the plaintiff's claims, the court "refer[red] to the District of Nevada Bankruptcy Court … all core bankruptcy issues in this case and non-core issues that the parties consent to be adjudicated by the bankruptcy court—subject to the limitations on that court's jurisdiction ….", and stayed any remaining issues or claims. *Davis*, ECF No. 58, p. 3. This Court should not refer any part of Plaintiffs' claims to the bankruptcy court and should instead dismiss each of Plaintiffs' claims in their First Amended Complaint ("FAC").

133451641v.10

1   Plaintiffs chose this forum and should not be permitted to pivot to bankruptcy court to avoid dismissal. At the time they filed this action, controlling Ninth Circuit precedent clearly established (as it still does now) that there is no private right of action for violation of the bankruptcy discharge injunction and that attempts to bring "backdoor" claims under the guise of other causes of action are prohibited. *See, e.g., Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188, 1191 (9th Cir. 2011); ECF No. 39 (Trust Defendants' Motion to Dismiss), pp. 11—13. Rather than seeking to reopen their respective bankruptcy proceedings to file motions for contempt—which is the procedure Ninth Circuit precedent clearly mandates for plaintiffs wishing to pursue claims for violation of the discharge injunction—Plaintiffs opted to file in this Court. This Court does not have subject matter jurisdiction over Plaintiffs' claims based on alleged violations of purported bankruptcy discharge injunctions issued in separate bankruptcy proceedings. *See, e.g., Barrientos*, 633 F.3d at 1188-89 ("enforcement [of the discharge injunction belongs] to the bankruptcy judge whose discharge order gave rise to the injunction."). Established precedent requires dismissal, not referral. *See id.*; *see also Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 504, 510 (9th Cir. 2002).[1]

Setting aside Plaintiffs' intentional selection of this forum and disregard of binding Ninth Circuit precedent requiring dismissal, referring certain issues underlying some of Plaintiffs' claims to the bankruptcy court would present a plethora of practical and logistical issues. Plaintiffs' three separate bankruptcy cases[2] are closed; two of them have been closed for many years. *See* D. Nev. Bankr. Ct. Case Nos. 2:10-bk-14632 (Urias) (case closed in March 2012), 2:19-bk-17902 (Klein) (case closed in March 2020), and 2:20-bk-13002 (Gunter) (case closed in December 2022). The judge who issued Plaintiff Urias' discharge order is no longer serving on the bankruptcy court. No Plaintiff has moved to re-open their bankruptcy case. Referring some subset of Plaintiffs' claims to three different closed bankruptcy proceedings would result in procedural confusion, create

---

[1] Neither the court in *Davis* nor Plaintiffs in this case cited any authority supporting the notion that this Court can or should refer Plaintiffs' claims, in whole or part, to the bankruptcy court in lieu of dismissal.

[2] *Davis* involves only a single plaintiff with a single discharge issued in a single bankruptcy case.

133451641v.10

duplicative effort for the court(s), and create a possibility for inconsistent decisions. In other words, referral here would present so many procedural and practical issues that it would defy Federal Rule of Civil Procedure 1's directive to "secure the just, speedy, and inexpensive determination of every action."

Dismissal of Plaintiffs' claims *on legal grounds other than whether their loans were discharged in bankruptcy* would, in contrast, be entirely consistent with Rule 1. Defendants, in their motions to dismiss and reply briefs, lay out the many bases for dismissal of each of Plaintiffs' claims. *See* ECF Nos. 39, 40, 42, 63—65. Each of these may be decided now without this Court or the bankruptcy court assessing whether Plaintiffs claims were discharged in bankruptcy.[3] It is well within the purview of this Court to decide, for instance, whether Plaintiffs have met their burden to plausibly plead required elements of their claims without referral to or prior determination of the discharge injunction issue. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Alele v. Geico Gen. Ins. Co.*, 420 F. Supp. 3d 1124, 1128 (D. Nev. 2019) ("When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed."). Because Plaintiffs' claims fail as a matter of law for reasons independent of whether their student loans were discharged in their bankruptcies, it would be an inefficient use of the Court's time and resources to refer the claims to the bankruptcy court for a determination of the discharge injunction issue, only to dismiss Plaintiffs' claims on independent legal grounds after the discharge injunction issue was resolved.

For these reasons, this Court should strike Plaintiffs' Notice. Alternatively, the Court should not refer some portion of Plaintiffs' claims (or the contested factual allegations underlying

---

[3] For example, certain Plaintiffs lack Article III standing to assert some or all of their claims. *See, e.g.*, ECF No. 39, pp. 6—7. And, the Second Circuit Court of Appeals has held that a *post hoc* legal contention that a debt was previously discharged may not form the basis of a FCRA claim. *See* ECF No. 42 (PHEAA's Motion to Dismiss), pp. 13—14 (citing *Mader v. Experian Info. Sols., Inc.*, 56 F. 4th 264 (2d Cir. 2023)). Plaintiffs have also failed to plausibly allege the elements of their other claims. *See, e.g.*, ECF No. 39, pp. 13—15. In fact, two Plaintiffs have failed to allege any conduct by TSI whatsoever. *See* ECF No. 40 (TSI's Motion to Dismiss), p. 8.

those claims) to the bankruptcy court, and should instead dismiss Plaintiffs' claims for the reasons set out in Defendants' motions to dismiss.

DATED this 16th day of June, 2023.

        LOCKE LORD LLP

        /s/ Gregory T. Casamento
        Gregory T. Casamento (pro hac vice)
        R. James DeRose, III (pro hac vice)
        Brookfield Place
        200 Vesey St., 20th Floor
        New York, NY 10281
        gcasamento@lockelord.com
        rderose@lockelord.com

        J. Matthew Goodin (pro hac vice)
        Julia C. Webb (pro hac vice)
        111 S. Wacker Dr., Suite 4100
        Chicago, IL 60606
        (312) 443-0472
        jmgoodin@lockelord.com

        WRIGHT, FINLAY & ZAK, LLP

        /s/ Ramir M. Herandez
        Ramir M. Hernandez
        Nevada Bar No. 13146
        Darren T. Brenner
        Nevada Bar No. 8386
        7785 W. Sahara Ave., Suite 200
        Las Vegas, NV 89117
        rhernandez@wrightlegal.net
        dbrenner@wrightlegal.net

        *Attorneys for the Trust Defendants*

        BROWNSTEIN HYATT FARBER SCHRECK, LLP

        /s/ Patrick J. Reilly
        Patrick J. Reilly
        Nevada Bar No. 6103
        Monique S. Jammer
        Nevada Bar No. 15420
        100 North City Pkwy., Suite 1600
        Las Vegas, NV 89106

133451641v.10

preilly@bhfs.com
mjammer@bhfs.com

*Attorneys for Pennsylvania Higher Education Assistance Agency d/b/a American Education Services*

SESSIONS ISRAEL & SHARTLE, L.L.P.

*/s/ James K. Schultz*
James K. Schultz
Nevada Bar No. 10219
1550 Hotel Circle North, Suite 260
San Diego, CA 92108
jschultz@sessions.legal

Bryan C. Shartle (*pro hac vice*)
Bradley J. St. Angelo (*pro hac vice*)
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002
bshartle@sessions.legal
bstangelo@sessions.legal

133451641v.10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of WRIGHT, FINLAY & ZAK, LLP and that I served the foregoing **DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** on the 16th day of June, 2023, to all parties on the CM/ECF service list.

*/s/ Lisa Cox*
An Employee of WRIGHT, FINLAY & ZAK, LLP

133451641v.10