George Haines, Esq.
Nevada Bar No. 9411
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, NV 89123
Telephone: (702) 880-5554
Facsimile:  (702) 385-551
georgehaines@freedomlegalteam.com

*Attorneys for Plaintiffs Richard Klein, Raymond Urias,*

*Sandra Gunter and all others similarly situated*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD KLEIN, RAYMOND URIAS, AND SANDRA J. GUNTER, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>National Collegiate Student Loan Trust 2005-3; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2007-1; National Collegiate Student Loan Trust 2007-2; National Collegiate Student Loan Trust 2007-3; National Collegiate Student Loan Trust 2007-4; Pennsylvania Higher Education Assistance Agency d/b/a American Education Services; and Transworld Systems, Inc.,<br><br>Defendants. | Case No.: 2:22-cv-01392-GMN-BNW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO STRIKE, OR ALTERNATIVE RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

On June 8, 2023, Plaintiffs filed a Notice of Supplemental Authority apprising this Court of the decision of the district court in *Davis v. KeyBank, N.A., et al.*, No. 2:22-cv-01645-JAD-EJY, (ECF No. 58) (D. Nev. May 3, 2023), in which it referred the case to the Nevada bankruptcy court rather than ruling on the defendants' motions to dismiss, as Plaintiffs similarly requested here in their Responses to Defendants' Motions to Dismiss. (ECF Nos. 56 & 57) The *Davis* order was issued after the deadline for submitting Plaintiffs' Responses had passed. On June 16, 2023, Defendants filed a "Joint Motion to Strike, or in the Alternative, Response to Plaintiffs' Notice of Supplemental Authority." (ECF No. 74) Plaintiffs' counsel hereby apologize for not conforming to the local rules by failing to obtain leave before filing supplemental authority. Given the applicability of *Davis* to this case, Plaintiffs respectfully request this Court in its discretion treat Plaintiffs' Notice of Supplemental Authority as a Motion for Leave to File Supplemental Authority and deny Defendants' Joint Motion to Strike.

Local Rule 7-2(g) permits supplementation with "pleadings, briefs, authorities, or evidence" for "good cause." LR 7-2(g). Plaintiffs concede that "LR 7-2(g) requires parties to acquire leave of court before filing supplemental briefs," *Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021) (citation omitted), and, under the rule, "[t]he judge may strike supplemental filings made without leave of court." LR 7-2(g). Plaintiffs' counsel apologize for failing to obtain leave before filing a notice of supplemental authority. Given the relevance of *Davis* to this matter and the pending motions to dismiss, Plaintiffs respectfully request this Court

exercise its discretion to treat Plaintiffs' Notice of Supplemental Authority and this response as a motion to obtain leave to file a notice of supplemental authority. *See JP Morgan Chase Bank, N.A. v. Res. Grp., LLC*, No. 217-cv-225-JCM-NJK, 2018 WL 894612, at *5 (D. Nev. Feb. 13, 2018) (unpublished) (denying motion to strike notice of supplemental authorities filed without leave under Local Rule 7-2(g) because good cause existed).

Good cause exists for this Court to consider the *Davis* order despite Plaintiffs' failure to adhere to the rules because it is particularly persuasive and helpful. "Good cause may exist either when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." *Alps Prop. & Cas. Ins. Co.*, 526 F. Supp. 3d at 812 (citing *Hunt v. Washoe Cty. Sch. Dist.*, Case No. 3:18-cv-00501-LRH-WGC, 2019 WL 4262510, at *3 (D. Nev. Sept. 9, 2019)). In *Alps Property & Casualty Insurance Company*, for instance, the court concluded good cause existed where the supplemental motions from another district court were "particularly persuasive and helpful because they also involve[d the p]laintiff, address[ed] the same policy provisions []. . . under similar factual circumstances, and in the same procedural posture," *even though* the orders were not binding and were "out-of-circuit and applying the substantive law of other states." *Id.* at 812.

Here, the *Davis* order arises under similar factual circumstances and in the same procedural posture. Moreover, the *Davis* order arises from the same circuit, the same

district, and applies the same substantive federal law to some of the same issues raised in the motions pending before this court. Furthermore, unlike cases where a party unnecessarily filed a brief early or failed to cite existing authorities, this is "a situation where there has been a new development in the law following the closing of a filing deadline." *Greer v. Freemantle Prods.*, 622 F. Supp. 3d 1010, 1015 (D. Nev. 2022), appeal dismissed sub nom. *Greer v. Freemantle Prods.*, No. 22-16318, 2022 WL 18862474 (9th Cir. Dec. 14, 2022).

Defendants argue this Court should ignore the *Davis* order because it is "only the non-binding, non-controlling order of another judge in this District." But "good cause" under LR 7-2(g) extends beyond directly-controlling precedent. *See Alps Prop. & Cas. Ins. Co.*, 526 F. Supp. 3d at 812 (considering order although it is in another district court and out-of-circuit); *Tenorio v. Dep't of Tax'n*, No. 2:20-cv-00517-ART-VCF, 2023 WL 2228363, at *3 (D. Nev. Feb 24, 2023) (finding good cause to supplement authority with non-controlling district court cases because "the proffered cases involve similar— though not identical—[]issues" and "other courts within this district have granted motions for leave to file similarly non-controlling authority" (citing *Alps Prop. & Cas. Ins. Co.*, 526 F. Supp. 3d at 812)). Even if they are not be binding, in cases like this, where the proffered supplemental authority "include[s] published and unpublished federal court cases that are relevant to the issues in [an] action, the supplemental authority is helpful in developing the Court's analysis," and "good cause" to consider

the proffered authority exists. *Stallone v. Farmers Grp., Inc.*, No. 2:21-cv-01659-GMN-VCF, 2022 WL 10091489, at *1, n.1 (D. Nev. Oct 15, 2022).

Finally, in support of their motion to strike, Defendants cite two cases where courts in this district have declined to allow supplemental authorities. Both of these cases are distinguishable. First, *Snow Covered Capital, LLC v. Fonfa*, No. 2:22-cv-01181-CDS-BNW, 2023 WL 3884631, at *2–3 (D. Nev. June 8, 2023) involved supplemental briefs containing additional argumentation styled as "joinders," whereas here, the challenged filing contained no new argument but mere notification of an additional authority. Second, in *Liberty Insurance Corporation v. Brodeur*, 462 F. Supp. 3d 1092, 1096 (D. Nev. 2020), the motion to strike a deposition taken following close of discovery was not opposed. Plaintiffs agree this Court has the discretion to strike a supplemental authority filed without leave and once more apologize for failing to obtain leave before filing.

For these reasons, Plaintiffs respectfully request this Court treat the Notice of Supplemental Authority as a motion for leave to file supplemental authority and consider the *Davis* order in ruling on the pending motions because "good cause" exists. Plaintiffs do not address the remaining new arguments and requested relief in Defendants' alternative "Response to Plaintiffs' Notice of Supplemental Authority" (*see* ECF No. 74, pp. 3–5), which amount to supplemental argument on the pending Motions to Dismiss.

WHEREFORE, Plaintiff respectfully requests the Court deny Defendants' Joint Motion to Strike, treat Plaintiffs' Notice of Supplemental Authority and this Response as Motions for Leave to File Notice of Supplemental Authority, and consider the Notice of Supplemental Authority in ruling on the pending motions.

Dated: June 30, 2023.

FREEDOM LAW FIRM

/s/ Gerardo Avalos
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123

MILBERG COLEMAN BRYSON PHILLIPS PLLC

/s/Scott C. Harris (*Admitted Pro Hac Vice*)
Scott C. Harris, Esq.
sharris@milberg.com
900 W. Morgan Street
Raleigh, NC 27603
(919) 600-5003

/s/Gary M. Klinger (*Admitted Pro Hac Vice*)
Gary M. Klinger, Esq.
gklinger@milberg.com
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878

*Attorneys for Plaintiffs*